IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES L. BURGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-0816-DGK-SSA |
| ) | |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This lawsuit arises from pro se Plaintiff Charles Burgett's ("Burgett) employment with the Social Security Administration. Burgett contends he was not hired for a Debtor Contact Representative position because of his race, sex, and in retaliation for previously engaging in equal employment opportunity protected activity. Defendant denied the allegations. On August 4, 2025, the Court granted Defendant summary judgment. ECF No. 29.

Now before the Court is Plaintiff's Motion for Reconsideration of Summary Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 32.

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted); *see also Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011). They "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). Nor may they be used to "relitigate old matters." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion.

*Id.* at 413.

Here, Plaintiff contends the Court's summary judgment order is grounded in bias and prejudice against him and contains clear errors of law and fact. As he argued in his summary judgment briefing, he contends there are genuine issues of material fact in dispute which should have precluded the Court from granting summary judgment. He also asserts the Court made clear errors of law by, for example, judging the credibility of witnesses, not viewing the facts in the light most favorable to his claims, and not drawing all inferences in his favor. Finally, he argues the Court's decision granting summary judgment to the defendant in an earlier, related case, *Burgett v. Saul*, 20-cv-00036-DGK, was egregiously wrong and further evidences the Court's discriminatory animus towards him.

After carefully reviewing the summary judgment order, the Court finds no errors of law or fact, much less any manifest errors of law or fact. The motion is DENIED.

**IT IS SO ORDERED.**

Date:  September 4, 2025               /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                 UNITED STATES DISTRICT COURT